**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CHERESSE BONITAJEAN SCHNEIDER, | ) | NO. ED CV 12-1511-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on September 13, 2012, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on October 15,

2012. Plaintiff filed a motion for summary judgment on February 19, 2013. Defendant filed a motion for summary judgment on March 12, 2013. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed September 17, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since May 24, 2010, based primarily on alleged back problems (Administrative Record ("A.R.") 55-56, 64-65, 174-77, 186-87). At a February 10, 2012 administrative hearing, Plaintiff testified that she suffers from back pain of allegedly disabling severity (A.R. 185-96).

On March 1, 2012, an Administrative Law Judge ("ALJ") found that Plaintiff has the following severe impairments: "chronic back pain secondary to disc disease with evidence of facet arthropathy at L5-S1, status post anterior fusion with LT cage in 2002; obesity; hypertension; and history of gout" (A.R. 14 (adopting treating physician diagnoses at A.R. 110-11, 157-58, 160, 162-63)). The ALJ determined that, notwithstanding these impairments, Plaintiff assertedly retains the residual functional capacity for a limited range of light work, and allegedly can perform significant numbers of jobs existing in the national economy (A.R. 15, 19-20 (adopting in part state agency physicians' residual functional capacity assessment at A.R. 140-48, and vocational expert testimony at A.R. 198-200)). In finding Plaintiff not disabled, the ALJ deemed "less than credible" Plaintiff's "allegations concerning the intensity, persistence, and limiting effects of her symptoms" (A.R. 16). On July 17, 2012, the

Appeals Council denied review (A.R. 5-7).

**SUBSEQUENT EVIDENTIARY SUBMISSIONS**

**AND APPLICABLE STANDARDS OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

Plaintiff submitted with her Motion copies of medical records dated from May 15, 2012. See Plaintiff's Motion, page 4, Exhibits B and C. Plaintiff asserts that these records document her ongoing/worsening condition. Plaintiff also submitted correspondence she sent to her counsel's office regarding additional medical care she reportedly received. See Plaintiff's Motion, Exhibit A. The additional medical care included another back surgery on December 6, 2012. Id.

Where the Appeals Council considers additional evidence but denies review, the additional evidence becomes part of the Administrative Record for purposes of the Court's analysis. See

Brewes v. Commissioner, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

In the present case, however, Plaintiff's additional evidence was not presented to the Appeals Council. Consequently, the Court may not consider the additional evidence except in analyzing whether to remand the case under sentence six of 42 U.S.C. section 405(g). A sentence six remand would be appropriate only if the additional evidence is "new" and "material," and there exists "good cause" why the evidence was not previously presented to the Administration. 42 U.S.C. § 405(g); Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001); Booz v. Secretary of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984). The Court need not determine whether the additional evidence is "new" and "material" and whether there exists "good cause" for the failure to present the evidence earlier. For the reasons discussed below, the case is remanded under sentence four of 42 U.S.C. section 405(g). Therefore, the Court need not and does not determine whether the case otherwise would have been remanded under sentence six.

**DISCUSSION**

Plaintiff argues that the ALJ failed to state sufficient reasons for deeming "less than fully credible" Plaintiff's testimony regarding the severity of her pain. The Court agrees.

Where, as here, the ALJ finds "medically determinable impairments [which] could reasonably be expected to cause some of the alleged symptoms" (A.R. 16), the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1] Generalized, conclusory findings do not suffice. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony

---

[1] In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012); Taylor v. Commissioner of Social Security Admin., 659 F.3d at 1234; Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

[the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); see also Social Security Ruling 96-7p.

In the present case, the ALJ appeared to state four reasons for finding less than fully credible Plaintiff's testimony regarding the severity of her pain. The ALJ stated: (1) the objective medical record assertedly did not fully corroborate Plaintiff's allegations of disabling pain; (2) the objective medical record assertedly did not corroborate any alleged increase in the severity of Plaintiff's pain from the level of pain with which Plaintiff had been able to work prior to the alleged disability onset date; (3) Plaintiff assertedly received only "routine conservative treatment" for pain; and (4) there assertedly are no "medical source statements" from a physician endorsing Plaintiff's allegation of disability or establishing greater limitations than those found by the ALJ (A.R. 16-18). As discussed below, these stated reasons are legally insufficient under the circumstances of this case.

With regard to stated reason (1), the absence of fully corroborative medical evidence cannot form the sole basis for rejecting the credibility of a claimant's subjective complaints. See Varney v. Secretary, 846 F.2d at 584; Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis").

Stated reason (2) is a subsection of stated reason (1), and thus cannot independently support the rejection of Plaintiff's credibility. See id. The probity of Plaintiff's prior ability to work rests on the supposition, contrary to Plaintiff's testimony, that her pain did not increase over time. The asserted failure of the objective medical evidence to corroborate an increase of the pain over time cannot justify the rejection of Plaintiff's credibility. See id.[2]

With regard to stated reason (3), it is true that a "conservative" course of treatment may sometimes properly discredit a claimant's allegations of disabling symptoms. See, e.g., Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) (treatment with over-the-counter pain medication is "conservative treatment" sufficient to discount the claimant's testimony regarding allegedly disabling pain). In the present case, however, the ALJ's characterization of Plaintiff's treatment as "conservative" is dubious and unpersuasive, given the fact that Plaintiff's treatment included prescription pain medication, a nerve root block, possible facet blocks, acupuncture, and physical therapy (A.R. 88, 93-94, 111-12, 135-36). See, e.g., Wright v. Astrue, 2009 WL 4547065, at *1 (E.D.N.Y. Dec. 1, 2009) (observing that when the claimant "did not respond well to conservative therapies," the claimant's doctor recommended, inter alia, nerve root blocks and physical therapy).

///

---

[2] Additionally, the Court observes that some medical evidence suggests Plaintiff's level of pain did increase over time (A.R. 115).

With regard to stated reason (4), the asserted lack of supporting medical opinion might be materially different from the asserted lack of supporting objective medical evidence, discussed above. However, the Court need not decide this issue because the asserted lack of supporting medical opinion has little probity under the circumstances of the present case. There is no indication in the administrative record that any examining physician offered, or was ever requested to offer, any opinion regarding Plaintiff's pain severity or functional capacity.[3] Despite the ALJ's duty fully and fairly to develop the record,[4] no consulting physician examined Plaintiff.

Defendant's motion also cites Plaintiff's testimony regarding her departure from employment in 2010 (Defendant's Motion, page 6). Defendant claims that Bruton v. Massanari, 268 F.3d 824 (9th Cir. 2001) ("Bruton") stands for the proposition that "an ALJ may consider the fact that a claimant stopped working for reasons other than disability in assessing credibility" (id.). It is unclear, however, whether the ALJ actually relied on the reason(s) why Plaintiff stopped working in 2010 in assessing Plaintiff's credibility. The ALJ's

---

[3] The only possible exception to this statement consists of an August 24, 2010 opinion by Plaintiff's treating physician that Plaintiff was then medically incapable of serving as a juror (A.R. 161).

[4] See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interest are considered. This duty exists even when the claimant is represented by counsel); see also Carillo Marin v. Secretary, 758 F.2d 14, 17 (1st Cir. 1985) ("if the Secretary is doubtful as to the severity of [the claimant's] disorder, the appropriate course is to request a consultative examination . . ."); accord Reed v. Massanari, 270 F.3d 838, 842-43 (9th Cir. 2001).

decision states: "The claimant testified she last worked in 2010 due to personal reasons. She stated her back was in too much pain and was getting worse" (A.R. 16). The ALJ's explanation for his credibility determination does not commence until the second paragraph following the paragraph containing the quoted statements (A.R. 16). Furthermore, Plaintiff's testimony regarding the reason(s) why she stopped working in 2010 is itself unclear (as the quoted statements from the ALJ's decision suggest) (see A.R. 184). Finally, the Bruton decision is distinguishable from the present case. In Bruton, the ALJ (and the Ninth Circuit) relied on the fact that the claimant waited nine months after having been laid off before seeking any medical attention, as well as the fact that the claimant failed to seek any treatment for the claimant's pain. See Bruton 268 F.3d at 828. No comparable facts exist in the present case.

In addition to failing to state legally sufficient reasons for finding Plaintiff's pain testimony less than fully credible, the ALJ also erred by implicitly rejecting Plaintiff's testimony regarding the side effects of her medication. Plaintiff testified that her medication makes her "very drowsy," forcing her to take naps and causing her to be unable "focus" (A.R. 192, 194-95; see also A.R. 73, 88). Tramadol, one of Plaintiff's medications, reasonably can cause such side effects. See, e.g., Caternolo v. Astrue, 2013 WL 1819264, at *11 (W.D.N.Y. April 29, 2013); Powell v. Commissioner, 2013 WL 1189715, at *1 (E.D. Mich. March 22, 2013). When a claimant testifies to side effects that "are in fact associated with the claimant's medication(s)," the ALJ may not disregard such testimony unless the ALJ makes "specific findings similar to those required for excess pain

9

testimony." Varney v. Secretary, 846 F.2d at 585; accord Cuevas v. Apfel, 1999 WL 76789, at *5 (N.D. Cal. Feb. 8, 1999); see also 28 C.F.R. § 404.1529(c)(3)(iv) ("We will consider . . . side effects of any medication you take or have taken to alleviate your pain or other symptoms"); Social Security Ruling 96-7p (mandating consideration of "side effects of any medications the individual takes or has taken to alleviate pain or other symptoms").[5] In the present case, the ALJ failed to mention Plaintiff's testimony concerning the allegedly debilitating side effects of her medication. Thus, the ALJ necessarily failed to state legally sufficient reasons for finding such testimony not credible.

Because the circumstances of this case suggest that the further administrative review could remedy the errors discussed herein, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett") (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (appearing, confusingly, to cite Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that

---

[5] Social security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

10

a court need not "credit as true" improperly rejected claimant testimony where there are outstanding issues that must be resolved before a proper disability determination can be made); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 8, 2013.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court need not and does not reach any of the other issues raised by Plaintiff.

11